# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DARRIN D. HOLSTON, <br> LARRY BROWN, #226071, <br><br> Petitioner, <br><br> v. <br><br><br> LARRY CARTLEDGE, <br> Warden, <br><br> Respondent. | CIVIL ACTION NO. 9:17-899-HMH-BM <br><br><br><br> **REPORT AND RECOMMENDATION** |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on April 3, 2017.[1]

The Respondent filed a return and motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on September 28, 2017. With regard to Grounds Four through Twelve of the Petition, the Respondent asserts that Petitioner failed to properly raise and exhaust these grounds in state court and would now be barred from doing so.[2] As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on September 29, 2017, advising Petitioner of the importance of a motion

---

[1] Filing date pursuant to Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2] The Respondent also moved for summary judgment on Petitioner's remaining ground (Ground Three), which apparently has been properly pursued in state court. The Petitioner started numbering his grounds with Ground Three so there is not a Ground One or Ground Two in his petition.



1

for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

On October 10, 2017, Petitioner filed a memorandum in opposition and a separate motion to stay/amend. In these filings, Petitioner seeks a stay of this Petition in order to return to state court to pursue his procedurally barred claims. In the event that stay is granted by the Court, the Petitioner also seeks to file an Amended Petition, which he contends will only contain claims that were properly exhausted in state court. He also apparently intends to seek at some undetermined date in the future an additional amendment after he pursues additional relief in state court to add other claims. On October 24, 2017, Respondent filed a response opposing Petitioner's motion to stay, as well as to his motion to amend.

In order for Petitioner to be entitled to a stay of his federal petition, he must show good cause; see Rhines v. Weber, 544 U.S. 269 (2005); with the definition of "good cause" being flexible depending on the facts and circumstances.

> "The Fourth Circuit and courts in this district have yet to precisely define what constitutes good cause under Rhines." Clement v. Ballard, No. 2:15-CV-02320, 2015 WL 6690158, at *10 (S.D.W. Va. Sept. 22, 2015) [collecting the split authority on whether ineffective assistance of PCR counsel may constitute good cause for a stay], *adopted by*, 2015 WL 6680893 (S.D.W. Va. Nov. 2, 2015). The Court emphasizes its good cause analysis is limited to the specific facts and circumstances of Petitioner's case.

Stokes v. Stirling, No. 16-845, 2017 WL 1104926, at *2 (D.S.C. Mar. 24, 2017). Based upon the current record before the Court, Petitioner has not set forth specific facts and circumstances to show good cause for the Court to grant a stay in this case. The Court cannot just assume good cause exists based on Petitioner's mere allegations that he may have some other state

2



issues he will or will not be allowed to pursue in state court and which would justify a stay of an unknown duration. Moreover, there is nothing in the record to indicate that Petitioner has filed another state court action regarding these claims. Therefore, Petitioner's motion to stay should be denied at this time, without prejudice. Rather, Petitioner should file his response to the pending motion for summary judgment by January 5, 2018. Petitioner may present any grounds for good cause for why a stay should be entered as part of his response, if he desires to do so. The Court will then consider whether Petitioner is entitled to a stay, or if not, whether the Respondent is entitled to summary judgment.[3]

        The parties are referred to the Notice Page attached hereto.

                                                  Bristow Marchant
                                                  United States Magistrate Judge

December 5, 2017
Charleston, South Carolina

---

[3] If the Court adopts this Recommendation, Petitioner's motion to amend will be moot.

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).